**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PATRICIA MONTGOMERY,** | ) | |
| individually and on behalf of all others | ) | |
| similarly situated, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 1:21-cv-3535 |
| v. | ) | |
| | ) | |
| **EVEREST RECEIVABLES** | ) | Hon. Gary Feinerman |
| **SERVICES, INC. and DNF** | ) | |
| **ASSOCIATES LLC** | ) | |
| | ) | |
| *Defendants.* | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY**

Plaintiff, Patricia Montgomery, respectfully moves this court for an Order granting her

leave to supplement the authority cited in her Motion to Remand [Dkt. 10] and Reply [Dkt. 20].

In support of this motion, Plaintiff states as follows:

1.      This matter was original filed in the Circuit Court of Cook County, Illinois, and

subsequently removed by Defendants on July 1, 2021.  (Dkt. 1).

2.      Plaintiff subsequently filed a motion to remand this case to state court.  (Dkt. 10).

3.      Defendants filed their response in opposition to the motion to remand on August

16, 2021, and Plaintiff filed her reply on August 30, 2021. (Dkts. 18, 20).

4.      Defendants' primary argument against Plaintiff's motion to remand is that

Plaintiff has Article III standing to pursue her claim in federal court because she has pled actual

damages for the Defendants' violations of the FDCPA[1] and ICAA.[2]  (Dkt. 18, Page ID #82). The

---

[1]      Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

[2]      Illinois Collection Agency Act, 225 ILCS 425/1 *et seq.*

Defendants' argument conflates actual damages under the FDCPA and ICAA with "injury-in-fact," which is required for Article III standing.

5.    On August 31, 2021, the Seventh Circuit issued yet another opinion on the issue of Article III standing in FDCPA cases. Specifically, it reversed and remanded summary judgment for a Plaintiff, with instructions to dismiss for lack of subject matter jurisdiction, as it found that the Plaintiff did not have Article III standing. A copy of the *Wadsworth* decision is attached as Exhibit A to this motion.

6.    In *Wadsworth*, as here, the plaintiff claimed the defendant debt collector had violated the FDCPA by failing to provide an accurate and complete written notice of her statutory rights under the Act.

7.    Specifically, the Seventh Circuit held that the Plaintiff in *Wadsworth* did not have Article III standing because she did not show the specific violation caused her concrete harm, writing:

> Here, that means Wadsworth incurred a concrete injury only if Kross's failure to provide notice of her statutory rights caused her to suffer a harm identified by the Act, "such as paying money she did not owe" or would have disputed.
>
> But Wadsworth has not established that Kross's communications caused her any harm related to the Act. Indeed, she admitted at her deposition that she has not paid either Kross or PRA in the wake of Kross's mailings and telephone calls.
>
> Exhibit A at page 5.

8.    In *Wadsworth*, the Plaintiff alleged that she suffered emotional harms, including "personal humiliation, embarrassment, mental anguish and emotional distress." However, the court still rejected the Plaintiff's claims of Article III standing, holding that because she did not take specific action because of the Defendant's violations, such as paying additional money that was not owed, she did not have Article III standing.  Exhibit A at pages 5-6.

9.      The Seventh Circuit did not hold that harm such as emotional distress could not

be considered damages or that not being provided information a consumer was lawfully entitled

to could not be considered a harm; it simply held that this was not a sufficient injury for Article

III standing to exist and dismissed the claims.

10.      This recent opinion further buttresses Plaintiff's arguments that she does not have

Article III jurisdiction to have these claims heard in federal court, and this matter should be

remanded to state court for further proceedings.

WHEREFORE, for the foregoing reasons, Plaintiff Patricia Montgomery respectfully

grants her request to cite just issued additional authority in support of her Motion to Remand**.**

Dated: September 1, 2021

                                                                            Respectfully submitted,

                                                              By:    /s/ *Bryan Paul Thompson*
                                                                         One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
33 N. Dearborn St., Suite 400
Chicago, Illinois 60602
Tel. 312-858-3239
Fax 312-610-5646
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

Stacy M. Bardo
Bardo Law, P.C.
22 West Washington Street, Suite 1500
Chicago, Illinois 60602
Tel. 312-219-6980
Fax. 312-219-6981
stacy@bardolawpc.com

3